```
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF KENTUCKY
               NORTHERN DIVISION
                 AT COVINGTON
```

**CIVIL ACTION NO. 2007-49 (WOB)**

**JERRY STAMPER, ET AL**                                **PLAINTIFFS**

**VS.**              <u>**MEMORANDUM OPINION AND ORDER**</u>

**CAMPBELL COUNTY, KENTUCKY**                           **DEFENDANT**


This is a proposed civil rights class action, filed pursuant to 42 U.S.C. § 1983, arising out of an alleged denial of the right to counsel through the deprivation of telephone privileges of pretrial detainees at the jail in Campbell County, Kentucky.

This matter is presently before the court on plaintiffs' motion for partial summary judgment (Doc. #12) and defendant's cross-motion for summary judgment (Doc. #13). The court held an evidentiary hearing on these motions on Thursday, January 8, 2009, following which the parties filed supplemental memoranda.

Based on the record as a whole, the court now concludes that there are no genuine disputes of material fact, and the defendant is entitled to judgment as a matter of law.

*Factual and Procedural Background*

Plaintiffs are former or present inmates at the Campbell County Detention Center ("CCDC"). Plaintiff Jerry Stamper was booked into the jail after being arrested and charged with two counts of burglary and one count of theft of a controlled

substance on or about October 30, 2004.

While incarcerated, Stamper and other occupants of his cell were subjected to the loss of telephone privileges imposed because of rules infractions by the inmates. As a result of these violations, the jail punished all twelve inmates of the cell by revoking their television and telephone privileges for five days, from Thursday, May 5, 2005 to Monday, May 9, 2005.

Stamper pled guilty to the criminal charges against him on May 9, 2005. He was represented by a criminal defense attorney, Robert DeFusco, who had visited personally with Stamper several times at the jail and with whom Stamper communicated in writing and by telephone while detained. Stamper consulted with DeFusco prior to accepting the plea deal, and he was satisfied with that plea.

Plaintiffs filed a class action complaint ("*Stamper I*") on July 13, 2005, alleging that the "collective punishment" imposed at the CCDC violated their rights to due process under the Fourteenth Amendment. *Stamper v. Campbell County, Kentucky*, Cov. Civil Action No. 05cv140-WOB. On February 14, 2006, plaintiffs filed an amended class action complaint in which they dropped the "collective punishment" claims and asserted only a Sixth Amendment claim based on the denial of the right to counsel through the revocation of telephone privileges.

In an opinion dated January 17, 2007, this court dismissed

2

*Stamper I* without prejudice because the plaintiffs had failed to exhaust administratively their denial of right to counsel claims, as required by the Prison Litigation Reform Act.

On March 6, 2007, plaintiffs filed the present action ("*Stamper II*"), asserting the same Sixth Amendment claims. Stamper asserts that, during the revocation of his telephone privileges in May 2005, he was unable to contact his criminal defense attorney. Plaintiffs also allege that the jail has a custom or practice of denying telephone privileges as a way of punishing detainees.

The parties have filed cross-motions for summary judgment, and the record has been further developed through an evidentiary hearing and post-hearing briefs.

### *Analysis*

"Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone calls." *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (citing *Bounds v. Smith*, 430 U.S. 817, 823, 832 (1977)). A prison "need only provide access that is adequate, effective, and meaningful when viewed as a whole." *Id.* (citing *Bounds*, 430 U.S. at 822, 832).

Courts have rejected claims such as those asserted here where prisoners or pretrial detainees have been denied telephone

3

use for certain periods of time or where other limitations have been placed on that use, so long as the inmate or detainee had other reasonable means to contact his or her attorney and where no prejudice resulted. *See Aswegan*, 981 F.2d at 314 (reversing grant of preliminary injunction on Sixth Amendment claim based on telephone limitations; prisoners were also allowed unlimited correspondence and personal visits with attorneys; prisoners showed no irreparable harm or prejudice); *Saunders v. Dickerson*, No. 1:07cv1094(LMB/BRP), 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008) (pretrial detainee whose telephone privileges were suspended while in administrative segregation failed to state a Sixth Amendment claim; detainee could have written to attorney and had personal visits with him, and detainee did not show that alleged denial of access resulted in unfair prejudice), *aff'd*, 313 Fed. Appx. 665 (4th Cir. 2009); *Woods v. St. Louis Justice Ctr.*, No. 4:06-CV-233 CAS, 2007 WL 2409753, at *10 (E.D. Mo. Aug. 20, 2007) (granting summary judgment on Sixth Amendment claim based on denial of unlimited access to telephone to call attorney; other means of access available); *Barr v. Levi*, No. 06-4683, 2007 WL 1410900, at *1-*2 (E.D. Pa. May 11, 2007) (dismissing complaint of inmate who alleged that revocation of his telephone privileges violated his right to counsel; plaintiff could communicate with attorney in person or writing); *Cesal v. Bureau of Prisons*, No. 04-CV-281-DLB, 2006 WL 2803057, at *6

(E.D. Ky. Sept. 28, 2006) (rejecting claim by prisoner whose legal calls were limited and monitored; "reasonable limitations on the number and length of such phone calls do not establish a constitutional violation where the prisoner has other, perfectly adequate means of communication"); *Wooden v. Norris*, 637 F. Supp. 543, 553-58 (M.D. Tenn. 1986) (rejecting challenge to constitutionality of inmate telephone system; inmate's access to counsel must be evaluated as a whole). *Cf. Lynch v. Leis*, No. 1:00-CV-274 SJD, 2002 WL 33001391, at *7 (S.D. Ohio Feb. 19, 2002) (granting preliminary injunction on claim that telephone policy which effectively prevented indigent pretrial detainee from contacting attorney for first 20 days of detention violated Sixth Amendment).[1]

Here, despite the five-day restriction on Stamper's telephone privileges, it is undisputed that he had other means of communicating with his criminal defense attorney, DeFusco, and that his ability to defend himself was not prejudiced. Defendant asserts – and plaintiff does not dispute – that attorneys are permitted to visit inmates at the Campbell County jail on

---

[1] Stamper cites *Tucker v. Randall*, 948 F.2d 388 (7th Cir. 1991), but his reliance on that case is misplaced. While the Seventh Circuit in that opinion noted that denying a pretrial detainee to right to talk to a lawyer for the entire four days following his arrest would "implicate" the Sixth Amendment, the court merely remanded the issue to the district court. *Id.* at 390-91. On remand, the district court concluded that there was no Sixth Amendment violation. *Tucker v. Randall*, 840 F. Supp. 1237, 1246 (N.D. Ill. 1993).

Thursdays and Fridays from 8:30-11:00 a.m. and 1:00-6:00 p.m. Stamper testified that DeFusco visited him at the jail several times during his detention; that during the months leading up to his May 9, 2005 plea, he wrote to DeFusco and spoke to him several times on the telephone; and that he was satisfied with the plea deal that DeFusco made on his behalf. (Stamper Depo. at 18, 20-23) As a matter of law, therefore, Stamper has not shown that the suspension of his telephone privileges actually impeded his ability to contact counsel in order to prepare his defense to the criminal charges against him. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996).

Moreover, the record reflects that the CCDC has a practice of activating all inmate telephones on Fridays, regardless of whether a particular cell is under disciplinary suspension. *See* Affidavit of Marilynn Clarridge ¶¶ 9-11; Jail Incident Reports. (Doc. #31-7, #31-8, #31-9)

Moreover, even accepting Stamper's testimony given during the evidentiary hearing that he asked a guard if he could call his criminal attorney and the guard refused, this single incident provides no basis for liability against the CCDC in light of the above evidence that the policy and custom of the CCDC conforms with the Sixth Amendment. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (holding that local government units are not liable under § 1983 on a theory of

6

*respondeat superior*; municipal liability attached only where injury flows from unconstitutional policy or custom). Stamper adduced no evidence that any jail official was aware of this incident or any pattern of such denials.[2]

Thus, under the above authority, Stamper's access to his criminal defense attorney, viewed as a whole, was not unreasonably limited despite the disciplinary five-day revocation of telephone privileges.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiffs' motion for partial summary judgment (Doc. #30) be, and is hereby, **DENIED**, and defendant's cross-motion for summary judgment (Doc. #31) be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 24th day of July, 2009.



Signed By:
William O. Bertelsman  WOB
United States District Judge

---

[2]The same holds true for Stamper's testimony that, on the particular Friday during his suspension, the phones in his cell were not activated. Even if true, such a single incident (about which Stamper does not claim to have complained) does not form the basis for municipal liability.